## Cahill vs. Bennett and others, Garnishees.

GARNISHMENT: *Question whether garnishees were indebted to principal debtor (or to third party), for goods purchased of him.*

The *old* firm of B., G. & Co. advanced moneys to Y. (a miner), with a distinct understanding that the next mineral which he should deliver to them should be applied in payment of such advance. Afterwards this firm was dissolved and a *new* one of the same name formed ; and B., who was a member of both firms, and was authorized to settle the business of the old one, bought mineral for the new firm from Y., and took possession of it (although the price was not agreed upon), with the understanding that the money due therefor was to be applied upon the claim of the old firm against Y. *Held,* that on these facts the new firm were not liable as garnishees in a suit against Y.

APPEAL from the Circuit Court for *Iowa* County.

The plaintiff, having recovered a judgment against one Boddilly, garnisheed *Joseph Bennett, Joseph George, C. C. Cholvin* and *Samuel Hoskins,* partners doing business under the name of *Bennett, George & Co.,* alleging that they were indebted to Boddilly for mineral or lead ore sold and delivered by him to them. The answer of the garnishees is sufficiently stated in the opinion. On trial of the issue raised by this answer, the circuit court rendered judgment for the defendants ; and the plaintiff appealed.

*Reese & Mulks* (with *Gregory & Pinney,* of counsel), for appellant, argued, that if Boddilly had demanded payment at the date of the garnishment, defendants could not have claimed that they did not owe him, but they would have been liable to him in an action for the price of the mineral (*Huntly v. Stone,* 4 Wis. 91) ; and the plaintiff, by his process of garnishment, could avail himself of all Boddilly's rights existing on that day.

*Alexander Wilson,* for respondents.

COLE, J. The garnishees answered through one of the members of the firm, in substance, that in the spring

of 1868 the old firm of Bennett, George & Co. advanced about $230 upon mineral to be thereafter delivered by Boddilly. It was the understanding between the firm and Boddilly, that the next mineral they bought of him should be applied upon his indebtedness to them. The old firm was dissolved in January, 1869, and two of the members of that firm, with two other partners, organized the new firm in April, under the same firm name as the old. When the old firm was dissolved, it was agreed that Bennett, a member both of the old and of the new firm, should collect the debts of the old firm, and distribute the proceeds among the members *pro rata*. On the 23d of May, 1869, the new firm, through its member Bennett, bought of Boddilly $230 of mineral, with the understanding that this money was to be applied in the payment of Boddilly's debt to the old firm. Bennett, who answers for the garnishees, says that this understanding was had with Boddilly in May, 1868, and that at the time the last mineral was delivered no new understanding was had with him concerning the application of the proceeds of the mineral.

It seems to us there cannot be any doubt about the right of Bennett to make the application of the money arising from this mineral to the payment of the debt due the old firm. This was in accordance with the understanding had with the debtor that it should be so applied. It is true, the price of the mineral was not agreed upon before the service of the garnishee process. But the property in the mineral had passed out of Boddilly, and he had virtually made application of the proceeds. Bennett had authority to act for both firms, to receive the mineral for the new firm and likewise the moneys arising therefrom for the old. And as there was a clear and distinct understanding with Boddilly that this mineral should be applied to discharge the debt due the old firm, that agreement and understanding should have effect.

We therefore think the court properly refused to give judgment in favor of the plaintiff against the garnishees.

*By the Court.*—The order of the circuit court is affirmed.